IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| United States of America, | Case No. 3:11 CR 308 |
| Plaintiff, | O R D E R |
| | JUDGE JACK ZOUHARY |
| -vs- | |
| David M. Dearing, | |
| Defendant. | |

This matter is before the Court on the Report and Recommendation of the Magistrate (Doc. No. 20) denying Defendant's Motion to Suppress all evidence found during a search (of Defendant's girlfriend's house and her minivan parked behind her house) on June 16, 2011, the day after the robbery which is the basis for the Indictment against Defendant.

Defendant objects to the Report and Recommendation (Doc. No. 25) and the Government has responded (Doc. No. 26). In accordance with *Hill v. Duriron Co.*, 656 F.2d 1208 (6th Cir. 1981) and 28 U.S.C. § 636(b)(1)(B) & (C), this Court has reviewed the determination of the Magistrate *de novo*. For the reasons set forth below, this Court affirms the Magistrate's findings.

The essence of Defendant's objection is that the consent to search the home and van, given by Defendant's girlfriend, was in a "coercive setting" and therefore involuntary, especially in view of her difficulty with the English language. Defendant seems particularly upset the consent took place after she witnessed Defendant's arrest, and instead the officers should have obtained a search warrant showing probable cause.

The central issue in this matter, therefore, is whether the girlfriend's consent was knowing and voluntary. If so, Defendant concedes this is an exception to obtaining a search warrant. *See Schneckloth v. Bustamonte*, 412 U.S. 218, 222 (1973).

The primary case cited by Defendant is *United States v. Buckhanon*, where a Tennessee district court upheld the validity of a warrantless search based on consent. No. 09-20060-M1-dkv, 2010 WL 2775854, *6 (W.D. Tenn. 2010). In *Buckhanon*, the court held "[s]everal factors should be examined to determine whether consent is valid." *Id.* at *5. The court's list was nonexhaustive, and included factors such as age, intelligence, education, whether the individual understands the right to refuse consent, whether the individual understands his or her constitutional rights, the length and nature of detention, and conduct by the police. *Id.*

In *Buckhanon*, as in this case, the judge at the suppression hearing had an opportunity to hear and view the testimony and determine the credibility of witnesses. *Id.* at *5–6. Although the witness who gave consent in *Buckhanon* was handcuffed and briefly detained, the court determined the consent was voluntary because there was no "evidence of coercive or punishing conduct." *Id.* at *6.

Like the court in *Buckhanon*, the Magistrate in this case examined several factors in determining whether the girlfriend's consent was voluntary. The Magistrate heard the testimony of the girlfriend and found she "generally understands spoken words and can engage in conversations in English" (Doc. No. 20 at 7). Recorded conversations between Defendant and his girlfriend, as well as the girlfriend's testimony during the suppression hearing, support the conclusion the girlfriend clearly understood she was giving consent to search her home and van (Doc. No. 20 at 7). Indeed, the girlfriend even assisted the searching officers by leading them to evidence and giving them the key to the van (Doc. No. 20 at 8). Further, there is no evidence of coercive or punishing conduct by the task force.

After considering several factors, the Magistrate found that while the girlfriend saw Defendant arrested, and while she had some difficulty with English, neither factor negated her voluntary consent. This Court agrees. Compared to the evidence in *Buckhanon*, where the court held that a knowing and voluntary consent was given, the evidence in the instant case is even stronger.

Accordingly, this Court adopts the reasoning set forth in the Government's well written Memorandum (Doc. No. 26), including the detailed summary of the evidence at the suppression hearing. Defendant's Objections are overruled, as they reveal no error in the Magistrate's ruling. The Report and Recommendation is adopted, and the Motion to Suppress is denied.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

December 14, 2011